IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KYLEEM KELLIE WASHINGTON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2967 |
| | : | |
| MONTGOMERY COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
|     Defendant. | : | |

### MEMORANDUM

**BEETLESTONE, C.J.**                                                                   **AUGUST 11, 2025**

*Pro se* incarcerated Plaintiff Kyleem Kellie Washington filed this civil action against the Montgomery County Correctional Facility (MCCF) and has requested leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Washington leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice.

### I.    FACTUAL ALLEGATIONS[1]

Washington was an inmate at MCCF when he allegedly suffered an injury from a fall. (Compl. at 4.) On March 27, 2025, Washington was walking down "J-Pod stairwell 5" and slipped and fell on wet steps. (*Id*. at 4-5.) He asserts that he "had no knowledge of [the steps] being wet" because no cautionary sign warning of the wet steps had been posted. (*Id*. at 5.) He claims that another inmate witnessed his fall, and that the stairwell has a camera. (*Id*.) He allegedly sustained a back and neck injury. (*Id*.) A corrections officer informed a supervisor, who apparently contacted the medical staff. (*Id*. at 7.) After some delay, the medical staff

---

[1] The factual allegations are taken from Washington's Complaint ("Compl."). (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

examined him on the scene and ordered an X-ray.² (*Id*. at 5, 7.) Washington eventually received muscle relaxants to relieve his pain. (*Id*. at 5.) The thin and outdated bedding also contributed to the pain from his injuries. (*Id*. at 7.) Officials at the MCCF withheld Washington's X-rays from him. (*Id*.) As a result of these events, he alleges claims pursuant to 42 U.S.C. § 1983 against MCCF and seeks $50,000 in damages. (*Id*.)

II.     **STANDARD OF REVIEW**

The Court will grant Washington leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.³ Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

---

² It is unclear whether Washington intended to assert claims about his medical care or merely provided these allegations as background information to his other claims. Even had he intended to do so, his complaints about his medical treatment do not allege plausible constitutional claims. He has not identified a defendant who was personally involved in denying him medical care nor did he allege facts indicating that particular prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

³ Because Washington is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Washington is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.,* 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them sua sponte." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

III.    **DISCUSSION**

    A.    **Claims Pursuant to § 1983 Against the MCCF**

The vehicle by which federal constitutional claims may be brought in federal court is an action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Washington names the MCCF as the sole Defendant, but it is not a proper defendant in this § 1983 action. A jail or correctional facility is not a "person" under § 1983. *Edwards v. Bucks Cty. Corr. Facility*, No. 19-4923, 2019 WL 5579486, at *2 (E.D. Pa. Oct. 29, 2019) ("Bucks County Correctional Facility is not an entity susceptible to suit under § 1983."); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Accordingly, the Court will dismiss all § 1983 claims alleged against MCCF with prejudice.[4]

---

[4] Even had he named a proper defendant, any slip-and-fall claim would still fail. "[C]ourts, including the [United States Court of Appeals for the] Third Circuit, have reasoned that slip-and-fall injuries stemming from slippery prison surfaces are more within the realm of ordinary negligence," and are therefore insufficient to support a constitutional claim. *Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 517 & n.27 (E.D. Pa. 2019); *see, e.g.*, *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 186-87 (3d Cir. 2015) (*per curiam*) (affirming dismissal of claims under § 1915(e)(2)(B)(ii) where inmate alleged he slipped and fell in water pooling near water dispensers, where the "allegations do not plausibly suggest either that ECCF officers permitted the water to pool intentionally to punish the detainees or that the officers' alleged tardiness in responding to the hazard was so excessive in light of their legitimate purpose for providing the dispensers as to amount to punishment").

### B. State Law Claims

Based on his allegations, the Complaint may be fairly read to raise negligence and possibly medical malpractice claims under Pennsylvania law, in addition to Washington's federal claims. However, having dismissed Washington's federal claims, the Court will not exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c); *Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Emps.*, 974 F.2d 391, 398 (3d Cir. 1992) ("[I]t is well settled that, after disposal of a federal claim, a district court has discretion to hear, dismiss, or remand a supplemental claim for which there is no independent basis for federal subject matter jurisdiction."). Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of

citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Washington does not allege the citizenship of the parties. Rather, he provides only the Pennsylvania address of MCCF for himself. Considering that Defendant MCCF is also located in Pennsylvania, complete diversity is lacking. Accordingly, Washington has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue. Moreover, his claim for $50,000 in damages is below the $75,000 amount in controversy threshold required in diversity actions. The Court will dismiss the state law claims for lack of subject matter jurisdiction without prejudice to filing an amended complaint. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))). Alternatively, Washington may opt to file his claims in the appropriate state court, where federal jurisdiction will not be an issue. The Court expresses no opinion on the merits of any such claim.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Washington leave to proceed *in forma pauperis*, and dismiss his federal claims against MCCF with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Washington's state law claims will be dismissed for lack of subject matter

jurisdiction.  The Court will permit Washington an opportunity to file an amended complaint in the event he can state a plausible constitutional claim against an appropriate defendant.

An appropriate order follows that provides further instruction on amending his claims.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

_____
**WENDY BEETLESTONE, C. J.**
